UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES GALLAGHER, TRUSTEE OF THE
JAMES K. & PATSY A. GALLAGHER TRUST         File No. _____-_____-_____
and CHAZZ MCCALL, TRUSTEE OF THE
CHARLES WILLIAM MCCALL TRUST,               Hon.   _____

           Plaintiffs,

v

GRAND TRAVERSE COUNTY and THE
CHARTER TOWNSHIP OF LONG LAKE,

           Defendants.

---

Brace Kern (P75695)
BEK Law, PLC
*Attorney for Plaintiffs*
3434 Veterans Drive
Traverse City, MI  49684
(231) 499-5380
Info@BraceKern.com

---

*There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in this Complaint.*

### VERIFIED COMPLAINT & JURY DEMAND

    NOW COME Plaintiffs, by and through their undersigned counsel, who hereby state as follows for their Verified Complaint against Grand Traverse County and the Charter Township of Long Lake due to the unlawful transfer of Twin Lakes County Park:

### THE PARTIES, VENUE & JURISDICTION

    1.    Plaintiff James Gallagher, as Trustee of the James K. & Patsy A. Gallagher Trust (hereinafter, the "Gallagher Trust"), resides at 6570 North Long Lake Road, in the Charter

Township of Long Lake, County of Grand Traverse, State of Michigan (hereinafter, the "Gallagher Farm").

2. The Gallagher Farm is the principal residence of James Gallagher, Trustee of the James K. & Patsy A. Gallagher Trust.

3. The Gallagher Trust is the record owner of title to the Gallagher Farm.

4. The Gallagher Farm is appurtenant to and borders the Southeast side of the real property that is the subject of this action (hereinafter, "Twin Lakes County Park").[1]

5. Plaintiff Chazz McCall, as Trustee of the Charles Willliam McCall Trust (hereinafter, the "McCall Trust"), resides at 6900 North Long Lake Road, in the Charter Township of Long Lake, County of Grand Traverse, State of Michigan (hereinafter, "McCall's Frontage").

6. McCall's Frontage is the principal residence of Chazz McCall, Trustee of the Charles Willliam McCall Trust.

7. The McCall Trust is the record owner of title to McCall's Frontage.

8. McCall's Frontage is appurtenant to and borders the Southwest side of Twin Lakes County Park.[2]

9. Defendant Grand Traverse County is a general law county of the State of Michigan with its principal place of business located at 400 Boardman Avenue, Suite 305, in the City of Traverse City, County of Grand Traverse, State of Michigan (hereinafter, the "County").

10. Defendant the Charter Township of Long Lake is a Michigan charter township with its principal place of business located at 8870 North Long Lake Road, in the County of Grand Traverse, State of Michigan (hereinafter, the "Township").

---

[1] Exhibit 1 – Twin Lakes County Park History
[2] Exhibit 2 – Twin Lakes County Park Parcel Map

Page 2 of 17

11. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1) & (2), because this is the judicial district in which Defendants are deemed to reside; a substantial part of the events or omissions giving rise to the claim occurred; and where Twin Lakes County Park is situated.

12. Jurisdiction in this Court is proper, pursuant to 28 U.S. Code § 1331, because district courts have original jurisdiction of all civil actions arising under the laws of the United States, including the Constitution and 42 U.S. Code § 1983.

## GENERAL ALLEGATIONS

13. Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

14. On the eve of Independence Day in 1941, as America realized its involvement in World War II was inevitable, widower and retired Grand Traverse County Judge Parm Gilbert pledged an offer to his County Board of Supervisors "to convey this property to the county as a county park."[3]

15. Two months before the attack on Pearl Harbor, Judge Gilbert executed a deed conveying 25 acres to the County on condition that "[t]hese lands so conveyed to Grand Traverse County as a County park, to be owned, improved and used as such and for recreation purposes."[4]

16. In response to Judge Gilbert's proposed deed, the County's Committee on Finance, Ways & Means recommended (1) "that the Board of Supervisors of Grand Traverse County accept the deed to said property to be used as a County Park," and (2) "that this park be known as Twin Lakes County Park, and that its funds, property, care, control and improvement be at all times in the hands of and subject to the action of said Trustees and their successors in office."[5]

---

[3] Exhibit 3 – Letter from Judge Gilbert to the County Board of Supervisors, dated July 3, 1941
[4] Exhibit 4 – Indenture dated September 23, 1941, recorded October 29, 1941, at Liber 146 Page 74
[5] Exhibit 5 – Committee Recommendations to the County Board of Supervisors, October 1941

17. In a session of the Board of Supervisors in October 1941, the County accepted the Committee's recommendations and passed a motion to adopt a resolution to accept Judge Gilbert's deed for "said property to be used as a County Park."[6]

18. The Board's resolution to accept the deed was carried by the unanimous vote of all 15 supervisors present at the session.

19. The purpose for which Judge Gilbert's deed was given, i.e. to convey the property as a County Park, is clear and unequivocal.

20. On October 29, 1941, Judge Gilbert's deed was recorded in the Register of Deeds, which deed contained a restrictive covenant that "[t]hese lands so conveyed to Grand Traverse County as a County park, to be owned, improved and used as such and for recreation purposes."[7]

21. After the County accepted and recorded Judge Gilbert's deed, it used the land to create Twin Lakes County Park.

22. By virtue of the deed above referred to and by its unanimous acceptance by the Board of Supervisors, coupled with the expenditure of County funds, the title to and ownership of this real estate became vested in the County to be used and improved as a County Park in accordance with the restrictive covenant.

23. Two years after his initial public dedication, Judge Gilbert deeded another 10 acres to the County on condition that "[t]his property is conveyed to Grand Traverse County as a gift and as part of and addition to County Park to be owned, improved, and used as such, and for recreation purposes and programs."[8]

---

[6] Exhibit 6 – County Prosecuting Attorney Harry Running's letter dated June 9, 1954
[7] Exhibit 4 – Indenture dated September 23, 1941, recorded October 29, 1941, at Liber 146 Page 74
[8] Exhibit 7 – Indenture dated August 28, 1943, recorded October 14, 1943, at Liber 148 Page 160

24. As American troops landed at Normandy, Judge Gilbert deeded another 40 acres to the County subject to the restrictive covenant that "[t]hese premises are conveyed as a gift to Grand Traverse County to be owned, used and improved as a County Park and for recreation purposes. This parcel is in addition to lands heretofore conveyed by the same grantor to said County for similar purposes as shown by conveyances now on record in office of Register of Deeds, Grand Traverse County, Michigan."[9]

25. All three of Judge Gilbert's deeds to the County contained covenants that restricted the use of the land to being: (1) owned by the County, and (2) used as a County Park.

26. In the midst of the Vietnam War, Wilbert and Beulah Lautner deeded 40 acres to the County "[d]edicated to Grand Traverse County 4-H Club Leader's Association. To be used as Nature Study and Recreation Area."[10]

27. The Lautners' 40 acres adjoined Twin Lakes County Park on its Northwest side.

28. In 1972, Frank and Dorothy Stulen deeded 40 acres to the County "[f]or recreational and educational use."[11]

29. The Stulens' 40 acres adjoined Twin Lakes County Park on its Northeast side.

30. For the next 50 years, the County respected the intent of these dedicators by owning, using, and improving the dedicated lands as a County Park.

31. The County's current Board of Commissioners has forgotten the past, failed to honor the intent of the dedicators, and violated the restrictive covenants by dispossessing the County of ownership, use, and improvement of Twin Lakes County Park.

---

[9] Exhibit 8 – Indenture dated May 11, 1944, recorded June 26, 1944, at Liber 148 Page 373
[10] Exhibit 9 – Warranty Deed dated June 22, 1967, recorded August 18, 1967, at Liber 284 Page 71
[11] Exhibit 10 – Warranty Deed dated and recorded December 29, 1972, at Liber 340 Page 64

32. The County, as trustee for the public, took ownership of Twin Lakes County Park solely for the use intended by the dedicators.

33. It is a violation of the public's trust for the County to dispossess itself of ownership of Twin Lakes County Park and to transfer use and improvement of it to the Township.

34. Dedications made by individuals are construed strictly according to the terms of the grant.

35. Judge Gilbert did not work for the Township; he was employed by the County.

36. The Township was in existence at the time all lands were dedicated to the County, yet none of the dedicators dedicated their lands to the Township.

37. A dedication for a specific purpose, i.e. a County Park, may not be changed by the legislature, a municipality or its successors, nor the general public, whether the use be public or private and even though the changed use may be advantageous to the public.

38. A municipality may not impose a more limited and restricted use than the dedication warrants.

39. The forcible elimination of a restrictive covenant imposed by an individual's public dedication may only be achieved by the County through the exercise of eminent domain.

**COUNT I – QUIET TITLE / ENFORCEMENT OF RESTRICTIVE COVENANT / EQUITABLE RELIEF**

40. Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

41. On September 8, 2023, the County transferred Twin Lakes County Park to the Township via quit claim deed, which dispossessed the County of ownership and use of the dedicated lands as a County Park.[12]

---

[12] Exhibit 11 – Quit Claim Deed 2023R-11197, dated September 8, 2023, recorded September 14, 2023

42. Prior thereto, the County Prosecuting Attorney's Office issued a memorandum opining that "unless the County obtains releases of liability from relevant parties, Twin Lakes may not be used for purposes other than a county park."[13]

43. The general rule in Michigan (as well as most other states) is that when property has been conveyed or dedicated to a municipality for a designated public purpose, the property is held for such purpose and no other.

44. When private property is conveyed conditionally for one public use, it cannot be appropriated to another or different use.

45. When the County acquired the real property it used to create Twin Lakes County Park, the private property was conveyed to the County for one public use: to be owned, used, and improved as a County Park.

46. The County's transfer of Twin Lakes County Park attempts to utilize the property for a purpose other than as a County Park.

47. The County's transfer of Twin Lakes County Park violates the restrictive covenants.

48. Since the private property was conveyed to the County to be owned, used, and improved as a County Park, the County cannot appropriate the land to a different owner or use.

49. The County failed to notify the heirs and adjoining property owners before transferring Twin Lakes County Park to the Township.

50. The County failed to obtain releases of liability from the heirs and adjoining property owners before transferring Twin Lakes County Park to the Township.

---

[13] Exhibit 12 – County Prosecuting Attorney's Memorandum, dated March 25, 2014, re: Twin Lakes Park; Deeds; Public Dedication/Restrictive Covenants; Releases

51. The Gallagher Trust, as an adjoining property owner, never provided the County with a release of liability for Twin Lakes County Park to be used for any purpose other than as a County Park.

52. The Gallagher Trust did not consent to the County transferring ownership of Twin Lakes County Park.

53. The Gallagher Trust did not consent to Twin Lakes County Park being used for any purpose other than as a County Park.

54. The McCall Trust, as an adjoining property owner, never provided the County with a release of liability for Twin Lakes County Park to be used for any purpose other than as a County Park.

55. The McCall Trust did not consent to the County transferring ownership of Twin Lakes County Park.

56. The McCall Trust did not consent to Twin Lakes County Park being used for any purpose other than as a County Park.

57. In the absence of releases from the heirs and adjoining property owners, the County cannot transfer ownership of Twin Lakes County Park or put it to any use other than as a County Park.

58. The County acquired Twin Lakes County Park under the statutory authority of Act 90 of 1913.

59. Nothing in Act 90 of 1913 empowers the County to transfer ownership of Twin Lakes County Park to the Township.

60. The County's transfer of Twin Lakes County Park to the Township deprives Plaintiffs of the statutory privileges and protections of Act 90 of 1913.

61. The County operated Twin Lakes County Park through a parks and recreation commission created under the statutory authority of Act 261 of 1965.[14]

62. Nothing in Act 261 of 1965 empowers the County to transfer ownership of Twin Lakes County Park to the Township.

63. The County's transfer of Twin Lakes County Park to the Township deprives Plaintiffs of the statutory privileges and protections of Act 261 of 1965.

64. Pursuant to MCL 46.364, the County created and enforced Ordinance No. 8A "for the protection, regulation, and control of parkland known as Twin Lakes Park."[15]

65. Since transferring Twin Lakes County Park to the Township, the County repealed Ordinance No. 8A.

66. The repeal of Ordinance No. 8A has deprived Plaintiffs of the County's protection, regulation, and control of Twin Lakes County Park.

67. Plaintiffs, as taxpayers to both the County and the Township, have the right to invoke the aid of equity to prevent the improper transfer of Twin Lakes County Park.

68. Twin Lakes County Park has a history of drownings that have raised public safety concerns.

69. With a cell phone tower lease, event and camping revenue, grants and donations, Twin Lakes County Park has become profitable.

70. When a municipality operates a public park, the municipality enjoins sovereign immunity from negligence suits if the municipality is providing a public service i.e. not making a profit.

---

[14] MCL 46.351 *et. seq.*
[15] Exhibit 13 – Grand Traverse County Parks and Recreation Twin Lakes Park Ordinance No. 8A

71. When Twin Lakes County Park became profitable, the County feared that another drowning would result in a negligence suit in which they could be held liable.

72. The County sought to dispossess itself of ownership and use of Twin Lakes County Park to avoid liability for another drowning.

73. In acquiring Twin Lakes County Park, the Township subjected its residents to an approximately tenfold increase in the amount of tax the Township's residents will have to pay for ownership and use of Twin Lakes County Park, including liability arising from negligence (County population = 95,680; Township population = 9,365).

74. The County's transfer of Twin Lakes County Park violates Act 90 of 1913, which empowers the County to acquire public parks, along with the obligation to improve and maintain them, but it does not empower county disposal of a public park.

75. Plaintiffs, as neighboring, abutting, and contiguous property owners who also have views into Twin Lakes County Park, have been subjected to special and unique damages by the County's transfer of ownership, use, and improvement of Twin Lakes County Park.

76. McCall's Frontage has unobstructed views across North Twin Lake and a front porch that stares into Twin Lakes County Park.

77. The use to which the land is dedicated must be preserved or the land will revert to the original proprietors.

78. In the event of reversion, the adjoining property owners would be uniquely and substantially harmed by the loss of neighboring 171 acres of County Park.

79. In the event of reversion, McCall's Frontage would be uniquely and substantially harmed by the loss of rocking on his front porch to views and sounds of kids swimming and camping all summer long.

80. Plaintiffs' damages are directly and causally related to the County's violation of the restrictive covenants when the County ceased to own, use, and improve the land as a County Park.

### COUNT II – DUE PROCESS VIOLATION / 42 U.S. CODE § 1983

81. Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

82. Defendants violated Plaintiffs' constitutional right to due process by failing to provide Plaintiffs with notice, a hearing, and an opportunity to be heard before the County transferred ownership and use of Twin Lakes County Park to the Township.

83. The County violated Plaintiffs' constitutional right to due process by failing to provide Plaintiffs with notice, a hearing, and an opportunity to be heard before the County dispossessed itself of ownership and use of Twin Lakes County Park.

84. The Township violated Plaintiffs' constitutional right to due process by failing to provide Plaintiffs with notice, a hearing, and an opportunity to be heard before the Township acquired ownership and use of Twin Lakes County Park.

85. Owners of real property abutting publicly dedicated lands have the legal right to enjoin any unauthorized use of their neighboring publicly dedicated lands.

86. Owners of real property abutting real property, that contains a restrictive covenant, have the legal right to enforce the terms of the restrictive covenant.

87. Plaintiffs, as owners of land abutting land dedicated as a County Park, have a special legal right to insist that the dedicated lands shall not be appropriated to any use other than as a County Park.

88. The law in Michigan is that owners of real property abutting publicly dedicated lands have a special legal right related to enforcing the intended use.

89. Not coincidentally, the "County Owned Real Property Acquisition and Disposal Policy" required the County to "consult with an affected and/or adjacent… property owner… and notify them of the intended disposal of real property."[16]

90. Despite Michigan law and the County's disposal policy, Plaintiffs were not provided notice and an opportunity to be heard before the County dispossessed itself of ownership land dedicated as a County Park.

91. Rather than providing Plaintiffs with notice and an opportunity to be heard, the County changed its "County Owned Real Property Acquisition and Disposal Policy" to remove its requirement that neighboring property owners be notified and consulted before Twin Lakes County Park was transferred to the Township.[17]

92. Despite changing its "County Owned Real Property Acquisition and Disposal Policy" to remove the requirement that abutting property owners be notified and consulted, the County did not change the law in Michigan that neighboring property owners are owed due process before any change in use of publicly dedicated lands.

93. The County committed another violation of Plaintiffs' due process rights by failing to give them notice and an opportunity to be heard before the County changed the "County Owned Real Property Acquisition and Disposal Policy."

94. The "County Owned Real Property Acquisition and Disposal Policy" provided owners of real property that abutted publicly dedicated lands with the right to be notified and consulted before the County could dispose of those publicly dedicated lands.

---

[16] Exhibit 14 – County Owned Real Property Acquisition and Disposal Policy, at pg. 234, ¶ VII, F.
[17] Exhibit 15 – Grand Traverse County Board of Commissioners Regular Meeting Minutes from March 16, 2022, amending the County Owned Real Property Acquisition and Disposal Policy, at pg. 234, ¶ VII, F.

95. Plaintiffs were never notified and given an opportunity to be heard on the County's intent to change the disposal policy, which change deprived Plaintiffs of their right to be heard and consulted.

96. The County's agenda failed to properly notify the public of the County's intent to amend the "County Owned Real Property Acquisition and Disposal Policy" when the County expressed their intent on their agenda as a "Proposed Twin Lakes Property Transfer."

97. The County failed to properly amend the "County Owned Real Property Acquisition and Disposal Policy" because the agenda failed to properly notify the public of the action to be taken.

98. Nothing about the words "Proposed Twin Lakes Property Transfer" reasonably informs the public that the County was going change its "County Owned Real Property Acquisition and Disposal Policy" to deprive owners of real property, which abuts publicly dedicated lands, of the right to be notified and consulted before the County disposes of the publicly dedicated land.

99. The agenda failed to provide the public with adequate notice to of the County's intent to delete the requirement that neighbors of publicly dedicated land be notified and consulted before Twin Lakes County Park was transferred to the Township.

100. Since the action of the Board of Commissioners was not properly noticed and heard, the action of amending the disposal policy was ineffective.

101. As a direct and proximate result of Defendants actions and omissions, Plaintiffs have suffered damages from a violation of their constitutional due process rights and diminution of their real property rights and values.

### COUNT III – BREACH OF IMPLIED CONTRACT

102. Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

103. When the County accepted land dedicated as a County Park, they consented to complying with the restrictions contained in the deeds through which the County acquired the land for Twin Lakes County Park.

104. When the County accepted land dedicated as a County Park, they consented to complying with the law related to the use of publicly dedicated lands, which includes the laws that protect the interest of appurtenant property owners.

105. When the Gallagher Trust purchased the Gallagher Farm, it relied on the public dedication of its neighboring property being restricted to ownership by the County for use and improvement as a County Park.

106. When the McCall Trust purchased McCall's Frontage, it relied on the public dedication of its neighboring property being restricted to ownership by the County for use and improvement as a County Park.

107. Plaintiffs reasonably relied, to their detriment, on the County's compliance with the restrictions contained in the deeds through which the County acquired the land for Twin Lakes County Park.

108. Plaintiffs reasonably relied, to their detriment, on the County's compliance with the laws related to the use of publicly dedicated lands, which includes the laws that protect the appurtenant property owners.

109. Plaintiffs, as neighboring, abutting, and contiguous property owners who also have views into Twin Lakes County Park, have been subjected to special and unique damages by the County's transfer of ownership, use, and improvement of Twin Lakes County Park, including deprivation of the property rights and values.

## COUNT IV – EQUITABLE ESTOPPEL

110. Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

111. For over 80 years, the dedicated lands have been owned, used, and improved as a County Park.

112. It is inequitable for the County to transfer ownership and use of land that was dedicated as a County Park.

113. The County never acquired the right to transfer ownership or use of land that was publicly dedicated as a County Park.

114. The County only acquired the right to hold the dedicated lands in trust for the public's use as a County Park.

115. It is a breach of the public's trust for the County to transfer ownership, use, and improvement of lands that the County accepted on the specific condition that such lands were to be owned, used, and improved as a County Park.

116. If the County is allowed to sell or repurpose land that was specifically dedicated as a County Park, then the County misrepresented, to the dedicators, the community, and the neighboring property owners, that the County would own, use, and improve the lands as a County Park.

117. When Plaintiffs purchased their neighboring properties, they reasonably relied to their detriment on the County's promise to honor the public dedication of the land being restricted to ownership by the County for use and improvement as a County Park.

118. Plaintiffs, as neighboring, abutting, and contiguous property owners who also have views into Twin Lakes County Park, have been subjected to special and unique damages by the County's transfer of ownership, use and improvement of Twin Lakes County Park.

## COUNT V – DECLARATORY JUDGMENT

119.  Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

120.  A real and actual controversy exists between Plaintiffs and Defendants over the County's unlawful transfer of ownership of Twin Lakes County Park to the Township.

121.  After receiving Plaintiffs' notice of claim, the Defendants have failed to rescind the transaction and return ownership of Twin Lakes County Park to the County.

122.  Plaintiffs seek a judgment declaring that the publicly dedicated lands are restricted to ownership by Grand Traverse County for use and improvement as a County Park.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request an Order (1) holding that the deeded covenants restrict the use of the dedicated real property to the ownership of the County to be used and improved as a County Park; (2) voiding the deed through which the County attempted to transfer Twin Lakes County Park to the Township; (3) rescinding any agreements between the County and the Township related to the transfer of Twin Lakes County Park; (4) enjoining & estopping the County from transferring ownership of Twin Lakes County Park to the Township; (5) compelling the County's compliance with the terms of the public dedication of Twin Lakes as a County Park; and (6) compensating Plaintiffs for the deprivation of their civil rights under color of law for the due process harm they suffered; (7) compensating Plaintiffs for beach of their contract rights; (8) declaring that the publicly dedicated lands are restricted to ownership by Grand Traverse County for use and improvement as a County Park; (9) plus costs, attorney fees, expenses and any such other and further relief as this Court deems just and proper.

## VERIFICATION OF COMPLAINT

I declare under the penalties of perjury that this Complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Dated: December 27, 2023    By: _/s/ James K. Gallagher_
James K. Gallagher, Trustee of the
James K. & Patsy A. Gallagher Trust

Dated: December 27, 2023    By: _/s/ Chazz McCall_
Chazz McCall, Trustee of the
Charles Willliam McCall Trust

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all counts.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed on this 28th day of December 2023, with the Clerk of the Court via the Court's CM/ECF system for electronic service on all counsel of record.

Respectfully submitted,

BEK Law, PLC

Dated: December 28, 2023    By: _/s/ Brace Kern_
Brace Kern (P75695)
*Attorney for Plaintiffs*
3434 Veterans Drive
Traverse City, MI 49684
(231) 499-5380
Info@BraceKern.com