UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GALLAGHER, TRUSTEE OF THE
JAMES K. & PATSY A. GALLAGHER TRUST
and CHAZZ MCCALL, TRUSTEE OF THE
CHARLES WILLIAM MCCALL TRUST,

        Plaintiffs,

-vs-                              File No. 1:23-cv-01363-JMB-SJB
                                    Hon. Jane M. Beckering

GRAND TRAVERSE COUNTY and THE
CHARTER TOWNSHIP OF LONG LAKE,

        Defendants.
_____

Brace Kern (P75695)
BEK Law, PLC
Attorney for Plaintiffs
3434 Veterans Drive
Traverse City, MI 49684
(231) 499-5380
Info@BraceKern.com

Bradley D. Wierda (P63811)
SMITH & JOHNSON, ATTORNEYS, P.C.
Attorney for Defendant Long Lake Twp.
534 E. Front St., P.O. Box 705
Traverse City, MI 49685-0705
(231) 946-0700
bwierda@smith-johnson.com
_____

## DEFENDANT, THE CHARTER TOWNSHIP OF LONG LAKE'S, ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT

        NOW COMES Defendant, The Charter Township of Long Lake, by and through its

attorneys, Bradley D. Wierda of Smith & Johnson, Attorneys, P.C., and for its Answer to

Plaintiffs' Verified Complaint states:

### THE PARTIES, VENUE & JURISDICTION

        1.        Plaintiff James Gallagher, as Trustee of the James K. & Patsy A. Gallagher

Trust (hereinafter, the "Gallagher Trust"), resides at 6570 North Long Lake Road, in the

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

Charter Township of Long Lake, County of Grand Traverse, State of Michigan (hereinafter, the "Gallagher Farm").

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

2.      The Gallagher Farm is the principal residence of James Gallagher, Trustee of the James K. & Patsy A. Gallagher Trust.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

3.      The Gallagher Trust is the record owner of title to the Gallagher Farm.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

4.      The Gallagher Farm is appurtenant to and borders the Southeast side of the real property that is the subject of this action (hereinafter, "Twin Lakes County Park").[1]

**ANSWER:** **Defendant admits that the Gallagher Farm borders the Southeast side of the Twin Lakes Park. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

5.      Plaintiff Chazz McCall, as Trustee of the Charles Willliam McCall Trust (hereinafter, the "McCall Trust"), resides at 6900 North Long Lake Road, in the Charter Township of Long Lake, County of Grand Traverse, State of Michigan (hereinafter, "McCall's Frontage").

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

6.      McCall's Frontage is the principal residence of Chazz McCall, Trustee of the Charles Willliam McCall Trust.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[1] Exhibit 1 – Twin Lakes County Park History

2

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

    7.   The McCall Trust is the record owner of title to McCall's Frontage.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

    8.   McCall's Frontage is appurtenant to and borders the Southwest side of Twin Lakes County Park.[2]

**ANSWER:**   **Defendant admits that "McCall's Frontage" borders the Southwest side of Twin Lakes Park. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

    9.   Defendant Grand Traverse County is a general law county of the State of Michigan with its principal place of business located at 400 Boardman Avenue, Suite 305, in the City of Traverse City, County of Grand Traverse, State of Michigan (hereinafter, the "County").

**ANSWER:**   **Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.**

    10.   Defendant the Charter Township of Long Lake is a Michigan charter township with its principal place of business located at 8870 North Long Lake Road, in the County of Grand Traverse, State of Michigan (hereinafter, the "Township").

**ANSWER:**   **Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.**

    11.   Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1) & (2), because this is the judicial district in which Defendants are deemed to reside; a substantial part of the events or omissions giving rise to the claim occurred; and where Twin Lakes County Park is situated.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[2] Exhibit 2 – Twin Lakes County Park Parcel Map

12.     Jurisdiction in this Court is proper, pursuant to 28 U.S. Code § 1331, because district courts have original jurisdiction of all civil actions arising under the laws of the United States, including the Constitution and 42 U.S. Code § 1983.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

### GENERAL ALLEGATIONS

13.     Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

**ANSWER:     Defendant repeats and realleges its responses to the above-enumerated paragraphs as if set forth fully herein.**

14.     On the eve of Independence Day in 1941, as America realized its involvement in World War II was inevitable, widower and retired Grand Traverse County Judge Parm Gilbert pledged an offer to his County Board of Supervisors "to convey this property to the county as a county park."[3]

**ANSWER:     Defendant states that the July 3, 1941 letter speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

15.     Two months before the attack on Pearl Harbor, Judge Gilbert executed a deed conveying 25 acres to the County on condition that "[t]hese lands so conveyed to Grand Traverse County as a County park, to be owned, improved and used as such and for recreation purposes."[4]

**ANSWER:     Defendant admits that Parm C. Gilbert deeded property to the County on or about September 23, 1941. Defendant states that the deed speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

16.     In response to Judge Gilbert's proposed deed, the County's Committee on Finance, Ways & Means recommended (1) "that the Board of Supervisors of Grand Traverse County accept the deed to said property to be used as a County Park," and (2) "that this park be

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[3] Exhibit 3 – Letter from Judge Gilbert to the County Board of Supervisors, dated July 3, 1941
[4] Exhibit 4 – Indenture dated September 23, 1941, recorded October 29, 1941, at Liber 146 Page 74

4

known as Twin Lakes County Park, and that its funds, property, care, control and improvement

be at all times in the hands of and subject to the action of said Trustees and their successors in

office."[5]

**ANSWER:**     **Defendant states that the documents attached as Exhibit 5 speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

17.     In a session of the Board of Supervisors in October 1941, the County accepted

the Committee's recommendations and passed a motion to adopt a resolution to accept Judge

Gilbert's deed for "said property to be used as a County Park."[6]

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

18.     The Board's resolution to accept the deed was carried by the unanimous vote of

all 15 supervisors present at the session.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

19.     The purpose for which Judge Gilbert's deed was given, i.e. to convey the

property as a County Park, is clear and unequivocal.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

20.     On October 29, 1941, Judge Gilbert's deed was recorded in the Register of

Deeds, which deed contained a restrictive covenant that "[t]hese lands so conveyed to Grand

Traverse County as a County park, to be owned, improved and used as such and for recreation

purposes."[7]

**ANSWER:**     **Defendant admits that a deed was recorded by the Register of Deeds on October 29, 1941 and state that the deed speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[5] Exhibit 5 – Committee Recommendations to the County Board of Supervisors, October 1941
[6] Exhibit 6 – County Prosecuting Attorney Harry Running's letter dated June 9, 1954
[7] Exhibit 4 – Indenture dated September 23, 1941, recorded October 29, 1941, at Liber 146 Page 74

21. After the County accepted and recorded Judge Gilbert's deed, it used the land to create Twin Lakes County Park.

**ANSWER:** **Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint**.

22. By virtue of the deed above referred to and by its unanimous acceptance by the Board of Supervisors, coupled with the expenditure of County funds, the title to and ownership of this real estate became vested in the County to be used and improved as a County Park in accordance with the restrictive covenant.

**ANSWER:** **Defendant admits that the County took ownership of the real estate by deed. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

23. Two years after his initial public dedication, Judge Gilbert deeded another 10 acres to the County on condition that "[t]his property is conveyed to Grand Traverse County as a gift and as part of and addition to County Park to be owned, improved, and used as such, and for recreation purposes and programs."[8]

**ANSWER:** **Defendant admits that Judge Gilbert deeded additional property to the County and states that the deed speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

24. As American troops landed at Normandy, Judge Gilbert deeded another 40 acres to the County subject to the restrictive covenant that "[t]hese premises are conveyed as a gift to Grand Traverse County to be owned, used and improved as a County Park and for recreation purposes. This parcel is in addition to lands heretofore conveyed by the same grantor to said County for similar purposes as shown by conveyances now on record in office of Register of Deeds, Grand Traverse County, Michigan."[9]

**ANSWER:** **Defendant admits that Judge Gilbert deeded additional property to the County and states that the deed speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

[8] Exhibit 7 – Indenture dated August 28, 1943, recorded October 14, 1943, at Liber 148 Page 160
[9] Exhibit 8 – Indenture dated May 11, 1944, recorded June 26, 1944, at Liber 148 Page 373

25.     All three of Judge Gilbert's deeds to the County contained covenants that restricted the use of the land to being: (1) owned by the County, and (2) used as a County Park.

**ANSWER:     Defendant states that the three deeds speak for themselves. Defendant denies that said deeds precluded transfer of the property to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

26.     In the midst of the Vietnam War, Wilbert and Beulah Lautner deeded 40 acres to the County "[d]edicated to Grand Traverse County 4-H Club Leader's Association. To be used as Nature Study and Recreation Area."[10]

**ANSWER:     Defendant admits that Wilbert and Beulah Lautner deeded property to the County and states that the deed speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

27.     The Lautners' 40 acres adjoined Twin Lakes County Park on its Northwest side.

**ANSWER:     Defendant admits that the Lautner property bordered Twin Lakes Park on its Northwest side. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

28.     In 1972, Frank and Dorothy Stulen deeded 40 acres to the County "[f]or recreational and educational use."[11]

**ANSWER:     Defendant admits that Frank and Dorothy Stulen deeded property to the County and states that the deed speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

29.     The Stulens' 40 acres adjoined Twin Lakes County Park on its Northeast side.

**ANSWER:     Defendant admits that the Stulen property bordered Twin Lakes Park on its Northeast side. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

30.     For the next 50 years, the County respected the intent of these dedicators by owning, using, and improving the dedicated lands as a County Park.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[10] Exhibit 9 – Warranty Deed dated June 22, 1967, recorded August 18, 1967, at Liber 284 Page 71
[11] Exhibit 10 – Warranty Deed dated and recorded December 29, 1972, at Liber 340 Page 64

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

31. The County's current Board of Commissioners has forgotten the past, failed to honor the intent of the dedicators, and violated the restrictive covenants by dispossessing the County of ownership, use, and improvement of Twin Lakes County Park.

**ANSWER:** **Defendant denies that the County's current Board of Commissioners failed to honor the intent of the dedicators and violated the restrictive covenants. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

32. The County, as trustee for the public, took ownership of Twin Lakes County Park solely for the use intended by the dedicators.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

33. It is a violation of the public's trust for the County to dispossess itself of ownership of Twin Lakes County Park and to transfer use and improvement of it to the Township.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

34. Dedications made by individuals are construed strictly according to the terms of the grant.

**ANSWER:** **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

35. Judge Gilbert did not work for the Township; he was employed by the County.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

36. The Township was in existence at the time all lands were dedicated to the County, yet none of the dedicators dedicated their lands to the Township.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

**ANSWER:**   **Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.**

37.   A dedication for a specific purpose, i.e. a County Park, may not be changed by the legislature, a municipality or its successors, nor the general public, whether the use be public or private and even though the changed use may be advantageous to the public.

**ANSWER:**   **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

38.   A municipality may not impose a more limited and restricted use than the dedication warrants.

**ANSWER:**   **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

39.   The forcible elimination of a restrictive covenant imposed by an individual's public dedication may only be achieved by the County through the exercise of eminent domain.

**ANSWER:**   **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

## COUNT I – QUIET TITLE / ENFORCEMENT OF RESTRICTIVE COVENANT / EQUITABLE RELIEF

40.   Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

**ANSWER:**   **Defendant repeats and realleges its responses to the above-enumerated paragraphs as if set forth fully herein.**

41.   On September 8, 2023, the County transferred Twin Lakes County Park to the Township via quit claim deed, which dispossessed the County of ownership and use of the dedicated lands as a County Park.[12]

**ANSWER:**   **Defendant admits that on September 8, 2023, the County deeded Twin Lakes Park to the Township via quit claim deed subject to the terms and conditions set forth therein. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

---

[12] Exhibit 11 – Quit Claim Deed 2023R-11197, dated September 8, 2023, recorded September 14, 2023

42.     Prior thereto, the County Prosecuting Attorney's Office issued a memorandum opining that "unless the County obtains releases of liability from relevant parties, Twin Lakes may not be used for purposes other than a county park."[13]

**ANSWER:     Defendant states that the March 25, 2014 Memorandum speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

43.     The general rule in Michigan (as well as most other states) is that when property has been conveyed or dedicated to a municipality for a designated public purpose, the property is held for such purpose and no other.

**ANSWER:     Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

44.     When private property is conveyed conditionally for one public use, it cannot be appropriated to another or different use.

**ANSWER:     Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

45.     When the County acquired the real property it used to create Twin Lakes County Park, the private property was conveyed to the County for one public use: to be owned, used, and improved as a County Park.

**ANSWER:     Defendant denies that said conveyances precluded transfer of the property to Defendant. Defendant further denies the allegations in this paragraph to the extent it refers to conveyances that did not reference a County Park. Defendant lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

46.     The County's transfer of Twin Lakes County Park attempts to utilize the property for a purpose other than as a County Park.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[13] Exhibit 12 – County Prosecuting Attorney's Memorandum, dated March 25, 2014, re: Twin Lakes Park; Deeds; Public Dedication/Restrictive Covenants; Releases

**ANSWER:**      **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

47.      The County's transfer of Twin Lakes County Park violates the restrictive covenants.

**ANSWER:**      **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

48.      Since the private property was conveyed to the County to be owned, used, and improved as a County Park, the County cannot appropriate the land to a different owner or use.

**ANSWER:**      **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant denies that said conveyances precluded the transfer of the property to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

49.      The County failed to notify the heirs and adjoining property owners before transferring Twin Lakes County Park to the Township.

**ANSWER:**      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

50.      The County failed to obtain releases of liability from the heirs and adjoining property owners before transferring Twin Lakes County Park to the Township.

**ANSWER:**      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

51.      The Gallagher Trust, as an adjoining property owner, never provided the County with a release of liability for Twin Lakes County Park to be used for any purpose other than as a County Park.

**ANSWER:**      **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

52.      The Gallagher Trust did not consent to the County transferring ownership of Twin Lakes County Park.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

53.     The Gallagher Trust did not consent to Twin Lakes County Park being used for any purpose other than as a County Park.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

54.     The McCall Trust, as an adjoining property owner, never provided the County with a release of liability for Twin Lakes County Park to be used for any purpose other than as a County Park.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

55.     The McCall Trust did not consent to the County transferring ownership of Twin Lakes County Park.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

56.     The McCall Trust did not consent to Twin Lakes County Park being used for any purpose other than as a County Park.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

57.     In the absence of releases from the heirs and adjoining property owners, the County cannot transfer ownership of Twin Lakes County Park or put it to any use other than as a County Park.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

58.     The County acquired Twin Lakes County Park under the statutory authority of Act 90 of 1913.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

59. Nothing in Act 90 of 1913 empowers the County to transfer ownership of Twin Lakes County Park to the Township.

**ANSWER:** **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

60. The County's transfer of Twin Lakes County Park to the Township deprives Plaintiffs of the statutory privileges and protections of Act 90 of 1913.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

61. The County operated Twin Lakes County Park through a parks and recreation commission created under the statutory authority of Act 261 of 1965.[14]

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

62. Nothing in Act 261 of 1965 empowers the County to transfer ownership of Twin Lakes County Park to the Township.

**ANSWER:** **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

63. The County's transfer of Twin Lakes County Park to the Township deprives Plaintiffs of the statutory privileges and protections of Act 261 of 1965.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint**.

64. Pursuant to MCL 46.364, the County created and enforced Ordinance No. 8A "for the protection, regulation, and control of parkland known as Twin Lakes Park."[15]

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[14] MCL 46.351 *et. seq.*
[15] Exhibit 13 – Grand Traverse County Parks and Recreation Twin Lakes Park Ordinance No. 8A

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

65.    Since transferring Twin Lakes County Park to the Township, the County repealed Ordinance No. 8A.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

66.    The repeal of Ordinance No. 8A has deprived Plaintiffs of the County's protection, regulation, and control of Twin Lakes County Park.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

67.    Plaintiffs, as taxpayers to both the County and the Township, have the right to invoke the aid of equity to prevent the improper transfer of Twin Lakes County Park.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

68.    Twin Lakes County Park has a history of drownings that have raised public safety concerns.

**ANSWER:** **Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.**

69.    With a cell phone tower lease, event and camping revenue, grants and donations, Twin Lakes County Park has become profitable.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

70.    When a municipality operates a public park, the municipality enjoins sovereign immunity from negligence suits if the municipality is providing a public service i.e. not making a profit.

**ANSWER:** **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

14

71.    When Twin Lakes County Park became profitable, the County feared that another drowning would result in a negligence suit in which they could be held liable.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

72.    The County sought to dispossess itself of ownership and use of Twin Lakes County Park to avoid liability for another drowning.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

73.    In acquiring Twin Lakes County Park, the Township subjected its residents to an approximately tenfold increase in the amount of tax the Township's residents will have to pay for ownership and use of Twin Lakes County Park, including liability arising from negligence (County population = 95,680; Township population = 9,365).

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

74.    The County's transfer of Twin Lakes County Park violates Act 90 of 1913, which empowers the County to acquire public parks, along with the obligation to improve and maintain them, but it does not empower county disposal of a public park.

**ANSWER:    Defendant denies that the County's transfer of Twin Lakes County Park violates Act 90 of 1913. Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

75.    Plaintiffs, as neighboring, abutting, and contiguous property owners who also have views into Twin Lakes County Park, have been subjected to special and unique damages by the County's transfer of ownership, use, and improvement of Twin Lakes County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

76.     McCall's Frontage has unobstructed views across North Twin Lake and a front porch that stares into Twin Lakes County Park.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

77.     The use to which the land is dedicated must be preserved or the land will revert to the original proprietors.

**ANSWER:**     **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

78.     In the event of reversion, the adjoining property owners would be uniquely and substantially harmed by the loss of neighboring 171 acres of County Park.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

79.     In the event of reversion, McCall's Frontage would be uniquely and substantially harmed by the loss of rocking on his front porch to views and sounds of kids swimming and camping all summer long.

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

80.     Plaintiffs' damages are directly and causally related to the County's violation of the restrictive covenants when the County ceased to own, use, and improve the land as a County Park.

**ANSWER:**     **Defendant denies that Plaintiffs have damages. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

### COUNT II – DUE PROCESS VIOLATION / 42 U.S. CODE § 1983

81.     Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

**ANSWER:**     **Defendant repeats and realleges its responses to the above-enumerated paragraphs as if set forth fully herein.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

82.    Defendants violated Plaintiffs' constitutional right to due process by failing to provide Plaintiffs with notice, a hearing, and an opportunity to be heard before the County transferred ownership and use of Twin Lakes County Park to the Township.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

83.    The County violated Plaintiffs' constitutional right to due process by failing to provide Plaintiffs with notice, a hearing, and an opportunity to be heard before the County dispossessed itself of ownership and use of Twin Lakes County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

84.    The Township violated Plaintiffs' constitutional right to due process by failing to provide Plaintiffs with notice, a hearing, and an opportunity to be heard before the Township acquired ownership and use of Twin Lakes County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

85.    Owners of real property abutting publicly dedicated lands have the legal right to enjoin any unauthorized use of their neighboring publicly dedicated lands.

**ANSWER:    Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

86.    Owners of real property abutting real property, that contains a restrictive covenant, have the legal right to enforce the terms of the restrictive covenant.

**ANSWER:    Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

87.    Plaintiffs, as owners of land abutting land dedicated as a County Park, have a special legal right to insist that the dedicated lands shall not be appropriated to any use other than as a County Park.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

**ANSWER:**    **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

88.    The law in Michigan is that owners of real property abutting publicly dedicated lands have a special legal right related to enforcing the intended use.

**ANSWER:**    **Defendant states that this paragraph contains a conclusion of law rather than an allegation of fact to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

89.    Not coincidentally, the "County Owned Real Property Acquisition and Disposal Policy" required the County to "consult with an affected and/or adjacent… property owner… and notify them of the intended disposal of real property."[16]

**ANSWER:**    **Defendant states that the "County Owned Real Property Acquisition and Disposal Policy" speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

90.    Despite Michigan law and the County's disposal policy, Plaintiffs were not provided notice and an opportunity to be heard before the County dispossessed itself of ownership land dedicated as a County Park.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

91.    Rather than providing Plaintiffs with notice and an opportunity to be heard, the County changed its "County Owned Real Property Acquisition and Disposal Policy" to remove its requirement that neighboring property owners be notified and consulted before Twin Lakes County Park was transferred to the Township.[17]

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

92.    Despite changing its "County Owned Real Property Acquisition and Disposal Policy" to remove the requirement that abutting property owners be notified and consulted, the

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[16] Exhibit 14 – County Owned Real Property Acquisition and Disposal Policy, at pg. 234, ¶ VII, F.

18

County did not change the law in Michigan that neighboring property owners are owed due process before any change in use of publicly dedicated lands.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

93. The County committed another violation of Plaintiffs' due process rights by failing to give them notice and an opportunity to be heard before the County changed the "County Owned Real Property Acquisition and Disposal Policy."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

94. The "County Owned Real Property Acquisition and Disposal Policy" provided owners of real property that abutted publicly dedicated lands with the right to be notified and consulted before the County could dispose of those publicly dedicated lands.

**ANSWER:** **Defendant states that the "County Owned Real Property Acquisition and Disposal Policy" speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

95. Plaintiffs were never notified and given an opportunity to be heard on the County's intent to change the disposal policy, which change deprived Plaintiffs of their right to be heard and consulted.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

96. The County's agenda failed to properly notify the public of the County's intent to amend the "County Owned Real Property Acquisition and Disposal Policy" when the County expressed their intent on their agenda as a "Proposed Twin Lakes Property Transfer."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

---

[17] Exhibit 15 – Grand Traverse County Board of Commissioners Regular Meeting Minutes from March 16, 2022, amending the County Owned Real Property Acquisition and Disposal Policy, at pg. 234, ¶ VII, F.

97.    The County failed to properly amend the "County Owned Real Property Acquisition and Disposal Policy" because the agenda failed to properly notify the public of the action to be taken.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

98.    Nothing about the words "Proposed Twin Lakes Property Transfer" reasonably informs the public that the County was going change its "County Owned Real Property Acquisition and Disposal Policy" to deprive owners of real property, which abuts publicly dedicated lands, of the right to be notified and consulted before the County disposes of the publicly dedicated land.

**A ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

99.    The agenda failed to provide the public with adequate notice to of the County's intent to delete the requirement that neighbors of publicly dedicated land be notified and consulted before Twin Lakes County Park was transferred to the Township.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

100.    Since the action of the Board of Commissioners was not properly noticed and heard, the action of amending the disposal policy was ineffective.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

101.    As a direct and proximate result of Defendants actions and omissions, Plaintiffs have suffered damages from a violation of their constitutional due process rights and diminution of their real property rights and values.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

### COUNT III – BREACH OF IMPLIED CONTRACT

102.    Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

**ANSWER:    Defendant repeats and realleges its responses to the above-enumerated paragraphs as if set forth fully herein.**

103.    When the County accepted land dedicated as a County Park, they consented to complying with the restrictions contained in the deeds through which the County acquired the land for Twin Lakes County Park.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

104.    When the County accepted land dedicated as a County Park, they consented to complying with the law related to the use of publicly dedicated lands, which includes the laws that protect the interest of appurtenant property owners.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

105.    When the Gallagher Trust purchased the Gallagher Farm, it relied on the public dedication of its neighboring property being restricted to ownership by the County for use and improvement as a County Park.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

106.    When the McCall Trust purchased McCall's Frontage, it relied on the public dedication of its neighboring property being restricted to ownership by the County for use and improvement as a County Park.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

107.     Plaintiffs reasonably relied, to their detriment, on the County's compliance with the restrictions contained in the deeds through which the County acquired the land for Twin Lakes County Park.

**ANSWER:     Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

108.     Plaintiffs reasonably relied, to their detriment, on the County's compliance with the laws related to the use of publicly dedicated lands, which includes the laws that protect the appurtenant property owners.

**ANSWER:     Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

109.     Plaintiffs, as neighboring, abutting, and contiguous property owners who also have views into Twin Lakes County Park, have been subjected to special and unique damages by the County's transfer of ownership, use, and improvement of Twin Lakes County Park, including deprivation of the property rights and values.

**ANSWER:     Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

### COUNT IV – EQUITABLE ESTOPPEL

110.     Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

**ANSWER:     Defendant repeats and realleges its responses to the above-enumerated paragraphs as if set forth fully herein.**

111.     For over 80 years, the dedicated lands have been owned, used, and improved as a County Park.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiffs' Complaint.**

112.     It is inequitable for the County to transfer ownership and use of land that was dedicated as a County Park.

**ANSWER:     Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

113.    The County never acquired the right to transfer ownership or use of land that was publicly dedicated as a County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

114.    The County only acquired the right to hold the dedicated lands in trust for the public's use as a County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

115.    It is a breach of the public's trust for the County to transfer ownership, use, and improvement of lands that the County accepted on the specific condition that such lands were to be owned, used, and improved as a County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

116.    If the County is allowed to sell or repurpose land that was specifically dedicated as a County Park, then the County misrepresented, to the dedicators, the community, and the neighboring property owners, that the County would own, use, and improve the lands as a County Park.

**ANSWER:    Defendant denies that transfer of the property to Defendant constitutes any misrepresentation to any party. Defendant lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

117.    When Plaintiffs purchased their neighboring properties, they reasonably relied to their detriment on the County's promise to honor the public dedication of the land being restricted to ownership by the County for use and improvement as a County Park.

**ANSWER:    Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

118.    Plaintiffs, as neighboring, abutting, and contiguous property owners who also have views into Twin Lakes County Park, have been subjected to special and unique damages by the County's transfer of ownership, use and improvement of Twin Lakes County Park.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

<u>**COUNT V – DECLARATORY JUDGMENT**</u>

119.    Plaintiffs reallege the above-enumerated paragraphs as if fully set forth herein.

**ANSWER:** **Defendant repeats and realleges its responses to the above-enumerated paragraphs as if set forth fully herein.**

120.    A real and actual controversy exists between Plaintiffs and Defendants over the County's unlawful transfer of ownership of Twin Lakes County Park to the Township.

**ANSWER:** **Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.**

121.    After receiving Plaintiffs' notice of claim, the Defendants have failed to rescind the transaction and return ownership of Twin Lakes County Park to the County.

**ANSWER:** **Defendant admits that it has not rescinded the transaction and returned Twin Lakes Park to the County. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations contained in this paragraph of the Plaintiffs' Complaint.**

122.    Plaintiffs seek a judgment declaring that the publicly dedicated lands are restricted to ownership by Grand Traverse County for use and improvement as a County Park.

**ANSWER:** **Defendant denies that Plaintiff is entitled to such relief.**

Respectfully submitted,

SMITH & JOHNSON, ATTORNEYS, P.C.

Dated: January 17, 2024                    By:    /s/*Bradley D. Wierda*               .
                                                   Bradley D. Wierda (P63811)
                                                   Attorney for Defendant Long Lake Twp.

**<u>AFFIRMATIVE DEFENSES</u>**

NOW COMES Defendant, THE CHARTER TOWNSHIP OF LONG LAKE, and gives notice that it may assert the following affirmative defenses in trial of this matter.

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

24

2.      There is no genuine issue as to any material fact and this Defendant is entitled to judgment as a matter of law and/or summary judgment pursuant to Federal Rules of Civil Procedure Rules 12 and 56.

3.      Plaintiffs may have failed to mitigate their damages.

4.      Plaintiffs' damages may be the result of acts or omissions on the part of other parties and/or non-parties at fault.

5.      Plaintiffs' Complaint is moot to the extent Plaintiff seeks relief "enjoining & estopping the County from transferring ownership of Twin Lakes County Park to the Township."

6.      Plaintiffs have not been deprived of any cognizable constitutional right.

7.      Plaintiffs have not been deprived of any cognizable property right.

8.      Plaintiffs' Complaint is barred in part by the Michigan Governmental Tort Liability Act, MCL 691.1401 *et seq.*

9.      Plaintiffs lack standing.

10.     Plaintiffs cannot maintain their one federal claim and this Court should decline to exercise supplemental jurisdiction over the remaining claims.

11.     To the extent an implied contract existed in this case, which is expressly denied, Plaintiffs' Complaint fails for lack of consideration.

12.     To the extent and implied contract existed in this case, Plaintiffs may have materially breached the contract.

13.     To the extent Plaintiffs claim a violation of their due process rights pursuant to the Michigan Constitution, their claim is subject to dismissal since a township cannot be liable for damages for an alleged violation of the Michigan Constitution. *Jones v. Powell,* 462 Mich. 329, 331, 335 (2000).

14.     Plaintiffs' claim for "Equitable Estoppel" fails since there is no recognized cause of action for equitable estoppel.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN

15.     Plaintiffs' claims fail for lack of any damages.

16.     Plaintiffs' claims are not ripe, in whole or in part.

17.     Defendant reserves the right to supplement these affirmative defenses.


Respectfully submitted,

SMITH & JOHNSON, ATTORNEYS, P.C.


Dated: January 17, 2024                    By:     /s/ *Bradley D. Wierda*              .
                                                   Bradley D. Wierda (P63811)
                                                   Attorney for Defendant Long Lake Twp.

SMITH & JOHNSON, ATTORNEYS
PROFESSIONAL CORPORATION
TRAVERSE CITY, MICHIGAN